UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID HENRY,<br><br>                Plaintiff,<br>     v.<br><br>TACOMA POLICE DEPARTMENT et al.,<br><br>                Defendants. | CASE NO. 3:22-cv-05523-LK<br><br>ORDER GRANTING MOTION FOR A PROTECTIVE ORDER |

This matter comes before the Court on pro se Plaintiff David Henry's Motion for Remote Deposition/Protective Order. Dkt. No. 68. Mr. Henry seeks a protective order to avoid traveling to Tacoma, Washington from his home in Georgia for his September 14, 2023 deposition. *Id.* at 1. For the reasons set forth below, the Court grants the motion.

**I.  BACKGROUND**

This lawsuit arises out of a traffic accident and Mr. Henry's subsequent interactions with Defendants. While Mr. Henry was driving in January 2021, he "mistook the light turning green and crossed into traffic striking another vehicle." Dkt. No. 65 at 7–8. Tacoma Police Officers Ron

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 1

1  Komarovsky and Brynn Cellan arrived on the scene and arrested him for driving under the
2  influence. *Id.* at 8–10.
3       Mr. Henry filed this lawsuit in July 2022 against the City of Tacoma and Officers
4  Komarovsky and Cellan. Dkt. No. 1. He brings a claim under 42 U.S.C. § 1983 alleging that the
5  officers "racially profiled" him. Dkt. No. 65 at 5–7. He further alleges that the City of Tacoma
6  ratified the officers' actions. *Id.* at 7. After filing the lawsuit, Mr. Henry moved to Jonesboro,
7  Georgia. Dkt. No. 17.
8       In June 2023, Defendants' counsel emailed Mr. Henry asking about his availability to be
9  deposed in Pierce County, Washington in August or September. Dkt. No. 71 at 1–2, 8. Mr. Henry
10 responded, "Well I hope you're prepared to pay for me to do that." *Id.* at 9. Mr. Henry refused to
11 back down, *id.* at 13, and during a subsequent conference call, Mr. Henry stated that he did not
12 have sufficient funds to travel to Washington and requested that Defendants pay his travel
13 expenses, *id.* at 2. After the call, Mr. Henry sent an email stating that he did not have the financial
14 means to make the trip and averring for the first time that he was "suffering from [a] recent physical
15 injury." *Id.* at 3 (internal quotations omitted). He then filed this motion.

16                 **II.   DISCUSSION**

17 **A.   Meet and Confer**

18      A party seeking a protective order must include in their motion "a certification that the
19 movant has in good faith conferred or attempted to confer with other affected parties in an effort
20 to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* LCR 26(c)(1). A
21 proper meet and confer "requires a face-to-face meeting or a telephone conference." LCR 26(c)(1);
22 LCR 1(c)(6). Mr. Henry did not include the certification with his motion. The Court reminds Mr.
23 Henry that despite his pro se status, he is required to comply with the Court's Local Civil Rules,
24 and further noncompliant filings may be stricken. *Muñoz v. United States*, 28 F.4th 973, 978 (9th

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 2

1  Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the
2  same procedural requirements as other litigants."). Nevertheless, the Court considers the motion
3  because Defendants confirmed that the parties met and conferred in a conference call but were
4  unable to resolve the issue. Dkt. No. 71 at 2.

5  **B.  Standards for a Protective Order**

6  Pursuant to Federal Rule of Civil Procedure 26(b)(1), each party is entitled to discovery of
7  "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the
8  needs of the case[.]" District courts have discretion to limit discovery "for good cause . . . to protect
9  a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"
10 Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c)
11 confers broad discretion on the trial court to decide when a protective order is appropriate and what
12 degree of protection is required.").

13 To establish good cause for a protective order, "the party seeking protection bears the
14 burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips
15 ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The party
16 must also "present a factual showing of a particular and specific need for the protective order."
17 *Pulphus v. Compass Health*, No. 2:21-cv-00930-TL-BAT, 2022 WL 474081, at *3 (W.D. Wash.
18 Feb. 16, 2022) (internal quotations omitted) (quoting *Welsh v. City and Cnty. of San Francisco*,
19 887 F. Supp. 1293, 1297 (N.D. Cal. 1995)); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
20 F.2d 470, 476 (9th Cir. 1992) (holding that "[b]road allegations of harm, unsubstantiated by
21 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal quotations
22 omitted) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986))).

23
24

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 3

### C. A Protective Order Is Warranted Here, But the Court Cautions Plaintiff That It Expects Future Proceedings to Occur In Person

Mr. Henry argues that a protective order is warranted because "it would be near impossible to attend an in-person deposition due to financial hardship, physical injury and the amount of travel required to go from Jonesboro, GA to Tacoma, WA." Dkt. No. 68 at 1. He states that he is "struggling to pay his own bills" and recently sustained a shoulder injury that makes it "dangerous to his health to travel such a distance." *Id.* at 2. He also states that he lives more than 100 miles from the proposed deposition location and "remote depositions are a valid alternative to [re]quiring such depositions." *Id.*[1] Defendants counter that Mr. Henry's decision to move to Georgia does not entitle him to appear remotely for his deposition, and he has not substantiated his claims of financial hardship or medical difficulties with admissible evidence. Dkt. No. 70 at 3.

Under Federal Rule of Civil Procedure 30(b)(4), a court may order that a deposition be taken by remote means. "Leave to permit remote depositions should generally be granted liberally." *Brower v. McDonald's Corp.*, No. 2:19-cv-02099-GMN-BNW, 2021 WL 3573633, at *2 (D. Nev. May 28, 2021). The Court's analysis proceeds in two steps: "(1) the proponent must advance a legitimate reason for seeking a remote deposition; and (2) if the movant articulates a legitimate reason, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial." *Id.* (cleaned up); *see also Vargas v. Evergreen Prof'l Recoveries Inc.*, No. 2:21-cv-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022) (applying the same two steps).

---

[1] Mr. Henry suggests that he cannot be compelled to appear in person because he "lives well over 100 miles away from where the deposition is requested[.]" *Id.* The 100-mile parameter is inapplicable here where the issue is not a witness's availability for trial, Fed. R. Civ. P. 30(a)(4), or the reach of a subpoena to a third party, Fed. R. Civ. P. 45(c).

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 4

   Here, Mr. Henry has advanced a legitimate reason for seeking a remote deposition: he states that he "is unemployed," "has very little income to bear the costly expenses of traveling from Georgia to Washington," and "is struggling to pay his own bills[.]" Dkt. No. 68 at 2. Although Mr. Henry has not set forth those facts in a declaration, he has included them in his motion, signed under the auspices of Federal Rule of Civil Procedure 11. *See also* LCR 11(a). Regardless of whether Mr. Henry is unemployed or is driving for DoorDash, as he told Defendants' counsel in the June 2023 meet and confer, Dkt. No. 71 at 2, he has established that his financial situation is precarious. Defendants' contention that Mr. Henry's financial situation may be "of his own making" does not change that reality. Dkt. No. 70 at 10. And their argument that air travel between Atlanta and Seattle costs only a few hundred dollars, Dkt. No. 71 at 5, fails to acknowledge that that expense, combined with a hotel stay and other travel costs, is significant under the circumstances. Mr. Henry's financial situation is a legitimate reason to allow a remote deposition.[2]

   Defendants' opposition focuses on whether Mr. Henry has advanced a legitimate reason, and does not argue that they will suffer prejudice as a result of a remote deposition. *See generally* Dkt. No. 70. Their counsel notes that in her experience, "attorneys have a better opportunity to observe and assess witnesses who are deposed in person as compared to video depositions— particularly where the witness' [sic] credibility is an issue." Dkt. No. 71 at 5. To the extent that statement is intended to demonstrate prejudice, it fails. To the contrary, "it may be easier for [Defendants] to evaluate the credibility of [a] witness who appears via video conference without a mask than it is to evaluate the credibility of a witness who wears a mask while testifying in person." *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 20-cv-01326-BLF(VKD), 2022 WL 4133297, at *2 (N.D.

---

[2] Because the Court finds that Mr. Henry's financial situation is a legitimate reason for allowing a remote deposition, it does not consider his contention that his shoulder injury precludes travel or the unauthenticated documents he filed related to that issue.

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 5

Cal. Sept. 12, 2022). Defendants rely on pre-pandemic authority, but over the past few years, "video conferencing has become a standard means of taking depositions." *Id.*; *see also Vargas*, 2022 WL 856991, at *1 (the pandemic has rendered remote depositions routine "as attorneys and litigants have adapted to new ways to practice law."). The Court does not suggest that remote depositions, particularly of a party or key witness, will always be appropriate, but one is warranted here in light of Mr. Henry's financial circumstances and the lack of prejudice to Defendants.

However, the Court cautions Mr. Henry that—to the extent this matter advances to trial—the Court expects trial to occur in person. Furthermore, Mr. Henry's accusations that Defendants have acted in "bad faith" and are "attempting to intimidate [him] by threatening [an] in-person deposition despite undue burden and alternative options" are not well taken. Dkt. No. 68 at 2. Nor are his demands that Defendants pay for his travel. Dkt. No. 71 at 13–14. Such overheated rhetoric is not productive to resolving discovery disputes cooperatively. Defendants are entitled to take Mr. Henry's deposition, and "[c]ourts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Fenerjian v. Nong Shim Co.*, No. 13-cv-04115-WHO(DMR), 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) (cleaned up). The Court may issue sanctions, up to and including dismissal, if Mr. Henry refuses to participate in discovery in violation of applicable law. *See, e.g.*, Fed. R. Civ. P. 37.

//
//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for a protective order. Dkt. No. 68. Mr. Henry shall cooperate with Defendants in scheduling his remote deposition for a mutually convenient day.

Dated this 28th day of August, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER - 7