UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID G HENRY,<br><br>        Plaintiff,<br><br>v.<br><br>RON KOMAROVSKY; BRYNN CELLAN;<br><br>CITY OF TACOMA,<br><br>        Defendant. | Case No. 3:22-cv-05523-TMC<br><br>ORDER ON OCTOBER 20, 2023 DISCOVERY CONFERENCE |

On October 20, 2023, the Court conducted a discovery conference regarding Defendants' interrogatories and requests for production to Plaintiff David Henry. Consistent with the Court's oral ruling, the Court orders Mr. Henry to supplement his responses to Defendants' interrogatories and requests for production no later than October 31, 2023 as follows:

1. Interrogatory No. 1: The Court orders Mr. Henry to supplement his response by providing his addresses for the last 10 years to the best of his ability.

2. Request for Production No. 1: The Court does not require Mr. Henry to provide a copy of his government issued ID.

ORDER ON OCTOBER 20, 2023 DISCOVERY CONFERENCE - 1

3. Interrogatory No. 3: The Court orders Mr. Henry to provide a description of his last 10 years of employment to the best of his ability. The Court does not require Mr. Henry to provide his employers' contact information.

4. Interrogatory No. 4: The Court orders Mr. Henry to provide the name and contact information of any current or previous spouses. Mr. Henry is not required to provide the dates of birth, previous names, or other details about any spouse or marriage.

5. Interrogatory No. 7: The Court orders Mr. Henry to provide any information as to whether there were any witnesses to the interaction where he alleges Officer Komarovsky shook him, and if so, any information Mr. Henry knows about those witnesses.

6. Interrogatory Nos. 9, 10, and 11: The Court orders Mr. Henry to supplement his responses to Interrogatories Nos. 9, 10, and 11. Mr. Henry must state the facts or other information he believes support his claims that Officers Komarovksy or Cellan acted toward him with malice, intentionally discriminated against him, or improperly exerted pressure on the prosecutor, knowingly provided misinformation to any prosecutor, deliberately fabricated evidence, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.

7. Interrogatory No. 12 and Request for Production 12: The Court orders Mr. Henry to answer whether he will contend that anyone other than Officers Komarovsky and Cellan engaged in any wrongful or bad faith conduct to secure the filing of criminal charges against Mr. Henry, and if so, the facts that support this contention.

8. Interrogatory No. 13: The Court orders Mr. Henry to supplement his answer to Interrogatory No. 13. Mr. Henry must answer whether he contends that any of the individual defendants or any other employee "ratified" the alleged deprivation of his

constitutional rights, and if so, the specific constitutional violation Mr. Henry claims was ratified, the specific conduct that resulted in ratification, and the facts that support these contentions.

9. Interrogatories Nos. 16 and 17 and Requests for Production Nos. 21 and 22: The Court orders Mr. Henry to supplement his answers to Interrogatories Nos. 16 and 17, and Requests for Production Nos. 21 and 22. Mr. Henry must provide the requested information and records regarding his physical and medical conditions. If there are no records responsive to the requests for production, Mr. Henry must respond to state that there are no records.

10. Interrogatory No. 18: Mr. Henry has provided a complete response to Interrogatory No. 18 and does not need to further supplement his response.

11. Request for Production No. 27: The Court orders Mr. Henry to supplement his response to Request for Production No. 27. Mr. Henry must produce all documents he or anyone on his behalf received pursuant to a public records request made to any government agency since January 5, 2021.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of October, 2023.

Tiffany M. Cartwright
United States District Court Judge